ARCHIBALD BARBER, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA.

After the testimony in a case has been closed, neither party has the right to re-examine a witness, or to introduce any new evidence, but when through the inadvertence of counsel, or other cause, the rigid enforcement of the rule would defeat the ends of justice, it is the duty of the Judge to relax it, whenever it can be done, without injustice to the adverse party.

*Per Thompson, J.*—Such relaxation rests in the sound discretion of the Judge, and if he errs in admitting or refusing to admit the testimony offered, this Court has jurisdiction to review the judgment and correct the error.

Error to the Circuit Court of Duval County.

This was an indictment against Archibald Barber for an assault and battery.

It appears from the record, that upon the trial of this case in the Circuit Court, the State having closed, and the prisoner having offered no evidence, prisoner's counsel contended in his argument to the jury, that the prosecution had not proved the time when the offence charged in the indictment was committed, and asked the Court to charge the jury that in such case the prisoner was entitled to a verdict.

The solicitor for the State insisted that the time had been proved by the witness, Beers, and asked to have the witness recalled to state what he had said as to time; the witness having been recalled could not say whether he had stated the time or not. Whereupon, the solicitor for the State conceded the point in question, and moved the Court for leave to introduce the witness, to prove the time, to which prisoner's counsel objected. The Court having overruled the objection, the witness was introduced and the time proved. To all of which prisoner's counsel objected and excepted, and assigned the same for error.

*McQueen McIntosh* for the Plaintiff in Error.

In the trial of a criminal cause, when the solicitor for the State has announced that the prosecution has closed, and counsel for the prisoner has made his argument before the jury, and asked the charge of the Court, a witness cannot be recalled to remedy defects in the evidence adduced by the prosecution, and which have been disclosed by prisoner's counsel. Prisoner, in such a case, was entitled to all the benefits arising from the defence made by his counsel, and it was error in the Court to permit the defective testimony to be supplied with new evidence. Odronaux vs. Helie, 3 Sand. Ch. R., p. 512; Jones vs. Relf, 10 Miss.,

623, cited from 2d U. S. Dig., 350; Hathaway vs. Hemmingway, 20 Conn., 191, cited from 5 U. S. Dig., 440; May vs. The State, 5 Miss., 71, cited from 5 U. S. Dig., p. 155, § 271; 1 Philips Ev., p. 305, and authority cited in note t.; The Queen's case, Brod. & Bing 6 Eng. Com. L. Rep., 294.

The above case is quoted in Ros. Crim. Ev., marginal page 170, and in 15 Petersd. Abr., page 425.

If the principle advocated is sustained by the cases cited in civil proceedings, it should with greater propriety be considered the rule of conducting the examination of witnesses in criminal trials. 4 Chitty Black., mar. p. 356.

There can be no discretion, where there are general fixed rules to control the manner of proceeding, and that discretion which places it in the arbitrary will and power of Inferior Courts to prejudice the rights of parties before them, should be discountenanced by Courts holding their decisions in review. Hawkins vs. the State of Georgia, 11 Geo. Rep., p. 92; Bouvier's Law Dic., 328–329, title, discretion; Jacob's Law Dic., title, discretion; 1 Campbell's Lives of the Lord Chan., pp. 33–34.

*J. P. Sanderson* for the State.

The examination of witnesses is to be conducted in such a manner as to elicit the truth, without taking any unfair advantage. The Court will not close the mouth of a witness because counsel ommitted to ask a material question at first—the usual course is to suggest the question to the Court, which will exercise its *discretion* in putting it to the witness. 1 Starkie's Ev., 150, Ed. 1826; Aldred vs. Halliwell, 1 Starkie R., 117, 2 E. C. L. R., 53; 3 Chitty's Genl. Prac., 901–3, cases cited and note.

The Court may, at its *discretion*, allow a witness to be examined by either party, *over and over again*, at any

time during the *trial before verdict*, and this as well in *criminal* cases as *civil*. State vs. Silver, 3 Dev., 332; Freleigh vs. State, 8 Miss., 606, cited 5 U. S. D., 985, sections 627–28–29; 1 Phil. Ev. 212, n., 1st Ed.

And even as to *new* matter. Curren vs. Connery, 5 Binney, 488; 3 U. S. Dig., 709, § 544, *ibid.*, 708, § 511; U. S. vs. Wilson, 1 Bald., 38.

The time and manner of examining witnesses *is* in the *discretion* of the Court, before which the trial takes place. People vs. Mather, 4 Wend., 229, cited 3 U. S. D. 709, § 543; Law vs. Merrills, 6 Wend., 268, cited 4 N. Y. D., 1316, § 469; Duncan vs. McCollough, 4 S. & R., 480, cited 3 U. S. D., 708, § 506.

After plaintiff has *closed his case*, he will be permitted to remedy a defect in his evidence, if such defect arose through the inadvertency of his counsel. 1 Arch. Prac., 194; 1 Starkie R., 117; Giles, Assignee of Hills, vs. Powell, 12 E. C. L., 560; Walls vs. Atchison, *ibid.*, 566.

And even though the counsel for the prosecution has closed his case, and the prisoner's counsel points out a defect in the evidence, the Court is at liberty in its *discretion*, to put what question it pleases to remedy the defect and remove the objection. Rex vs. Remnaut, 1 B. Crown Cases. 136.

Upon a trial for murder of a *male* child, the counsel for the prosecution concluded his case without asking the *sex* of the child, and the Judge would not permit him afterwards to call a witness to prove it, and in consequence of the omission, directed the jury to acquit the prisoner. But to the honor of that Judge it ought to be stated, that he declared afterwards in private, his regret for his conduct. This case is well remembered, but it ought never to be cited, but with *reprobation*. 4 Christian Blk., 356, note.

So, after defendant's counsel had summed up, and while

the plaintiff's counsel were summing up, defendant's counsel discovered some written evidence, which they wished to submit to the jury, and which the Judge refused. On an application for a new trial, the Court said, the evidence was material, that the Judge had a *discretion* to admit the evidence, and it ought, in *sound discretion*, to have been received—and a new trial was granted on *that ground.* Mercer vs. Sayer, 7 J. R., 306.

This is an assignment of error upon the exercise of a discretionary power by the Court, which this Court will cautiously examine into, on appeal. 1 U. S. D., 169, §§ 111, 112, 113, and 114; People vs. Mather, 4 Wend., 247, cited 4 N. Y. D., 1316, § 247.

ANDERSON, C. J.:

This case is brought up by agreement as upon writ of error from the Circuit Court of Duval County. On the trial of the plaintiff in error on an indictment for assault and battery, the solicitor of the State omitted to prove the time when the offence charged was committed, till the prisoner's counsel, on the solicitor announcing that he had closed, addressing the Court in the defence, asked the Court to charge the jury, that the prisoner was entitled to a verdict on account of the omission.

The solicitor of the State then moved the Court for leave to introduce a witness to prove the time; to which prisoner's counsel objected. The Court overruled the objection, the witness was introduced, and the time was proved. This ruling of the Court is assigned for error.

It is undoubtedly true, that after the counsel for the prosecution has closed his case, and counsel for the accused has been heard in the defence, the former has not the *right* to recall a witness or to examine a new one. This is in accordance with well settled rules of practice in relation

204        SUPREME COURT,

Barber vs. State of Florida.—Opinion of Court.

to the examination of witnesses. But it is incorrect to consider the right of counsel and the duty of a Judge as alike regulated by the same inflexible rules. The province and peculiar office of the latter, is to ascertain and establish the truth, and the policy of the law therefore, wisely confides to him the right so to use the necessary rules of practice, as not to allow the letter to thwart and defeat their spirit.

When the Judge perceives that in consequence of the inadvertence of counsel or other cause, the rigid enforcement of the rules would defeat the great object for which they were established, it is his duty so to relax them (when it can be done without injustice to any) as to make them subserve their true purpose, which is to aid the Court and the parties before it in determining and adjusting their respective rights.

The security which we have from any injury growing out of this license, arises from this distinction—that counsel have no *right* to examine witnesses out of the prescribed order ; it is only a permission which may be awarded or refused by the Court, as the Judge may perceive that it can or cannot be allowed with justice to all parties.

In the case before us, the solicitor had no *right* to recall the witness Beers—his rights are regulated by the rule, and according to its terms the witness could not be recalled. But the Judge had the right to recall or to permit the solicitor to recall him when, as in this case, it was obvious no injustice could be done to the other party by the relaxation of the rule. Such we understand to be the practice in all the best regulated Courts, and it appears to us that the practice is in accordance with the purposes for which Courts of Justice are established. We conclude, therefore, that there was no error in the ruling of the Court.

*Per curiam.* Let the judgment be affirmed.

## THOMPSON, J.:

Although I concur in the judgment pronounced in this cause, I prefer to state my own reasons therefor, inasmuch as my views do not entirely coincide with those of my brethren.

For the purpose of avoiding confusion and embarrassment, and the surprise of the parties litigant, rules have been, from time immemorial, established for the orderly proceeding of the litigants in the introduction of evidence, the examination, cross-examination and re-examination of witnesses. The witness, when introduced, is to be examined by the party calling him, after which he may be cross examined by the opposite party; and a re-examination by the party who calls the witness is only allowable, as of right, on those topics on which he has been cross-examined, to give an opportunity of explaining any new facts which have come out upon such cross-examination. But the witness cannot at this stage be again examined in *chief* —that is, as to any facts unconnected with the cross-examination. If a question as to any material fact has been omitted upon the examination in chief, the usual course is to suggest the question to the Court, which will exercise its discretion in putting it to the witness. 1 Stark. on Ev., 129, 149.

Such are the rules established in this particular; but they are not inflexible and unyielding; the discretion of the Judge may and should be exercised, in proper cases, to dispense with the rigor of the rule, and to permit the re-examination of a witness as to matters in chief, or to allow a new witness to be called to prove a disputed fact, at any time during the trial of the cause, whenever it is necessary to the advancement of justice, if it can be done without injury or surprise to the adverse party.

It is, however, contended on behalf of the State thas this is a matter properly belonging to the practice of the subordinate Court, and that this Court cannot interfere with, or regulate the exercise of this discretion. I cannot admit this as sound doctrine. The discretion is not an arbitrary exercise of the will and pleasure of the Judge, but it is a sound legal discretion, to be exercised according to the exigency of the case, upon a consideration of the attending circumstances, and if he errs in the exercise of this power, either in permitting a re-examination of a witness when he should not have done so, or refuses to waive the rule and allow the evidence to be admitted when he should do so, this Court has the power to correct his error. Discretion, says Ld. Coke, is to discern between right and wrong, and therefore, whoever hath power to act at discretion, is bound by the rule of reason and of law. 2 Inst., 56, 298. And though there be a latitude of discretion given to one, yet he is circumscribed that what he does be necessary and convenient, without which no liberty can defend it. Hob. R., 158. And again, it is said that when anything is left to any person, to be done according to his *discretion*, the law intends it must be done with sound discretion, and according to law; and the Court in B. R. hath a power to redress things that are otherwise done, notwithstanding they are left to the discretion of those that do them. 1 Lill. Abr., 477.

And this seems to be the correct rule, for many errors may be committed and much wrong be done if this discretion is not to be reviewed in this Court, as a Court of error and appeal.

There is always danger that a discretion which may not be controlled by a superior tribunal, however properly it may at first be exercised, will soon degenerate into mere caprice; an arbitrary *sic volo sic jubeo, stat pro ratione*

*voluntas.* It may be asked why this discretion may not be as safely reposed in the Circuit Courts, as in this Court, where it will be ultimately lodged, if this Court entertains jurisdiction over the matter? The answer is obvious—the Circuit Court is held by a single Judge; in this Court, three Judges must preside, and confer on all questions decided by it, and two of them must concur; the Circuit Court is not required to give the reasons for its judgment; in this Court, the reasons for every judgment must not only be given, but must be written out, and read in open Court before the judgment is pronounced. The law provides for a more mature deliberation and consideration of every question in this Court than could with convenience be given by the Judge of the Circuit Court, and hence there is a very obvious propriety in confiding the ultimate decision of all questions, including even the so-called discretionary powers, to a tribunal constituted as this Court is. But it has been said that the Circuit Judges possess, with regard to the exercise of these discretionary powers, better opportunities, indeed in some cases, the only opportunity of making a correct decision on the subject matter. If this be true, the cases, I think, are rare, and are more than countervailed by the considerations before mentioned of more time for deliberation, and the benefit of the united labors of the three Judges. And again, it has been contended, that if this Court claims and exercises the power of regulating and controlling the exercise of these discretionary powers, it will have the effect of degrading the Circuit Court Judges, and in fact would materially interfere with the efficient discharge of their duties. I cannot think so. The Circuit Court Judges are well aware that the tribunals in which they preside are with respect to this Court, inferior and subordinate; and presuming that the sole and only care of that very meritorious branch of

the judicial power of the State is, that justice may be administered according to the rules of law, they would always rejoice that unintentional errors should be corrected by the Court of last resort. But if the argument is well founded, it proves too much; it goes to show that this Court can and ought to be dispensed with in order to preserve the dignity and efficiency of the subordinate Judges—it is an argument against all appellate tribunals—for it is impossible to conceive that the Judges of the subordinate Courts would not entertain as much pride of opinion upon such questions as it is conceded may now be assigned for error, as upon those questions which are claimed to rest exclusively in the discretion of the Judge.

That this Court has the power to entertain the jurisdiction which I contend for, I have no doubt; the citations above made, declare that the Court of King's Bench, in England, hath power to redress things erroneously done, which are confided to the discretion of subordinate tribunals, and the power of this Court as a Court of revision is as full and ample as that of the English Court. By the Constitution, it is invested not only with full appellate jurisdiction proper, but with a superintending power and control over all other Courts. In some of the cases cited upon the argument, while the right to review the exercise of such discretionary powers is denied the appellate Court, it is admitted that the Court will interfere whenever there is a case presented of a gross maladministration of the power. This presents a most glaring inconsistency, for how can an appellate tribunal ascertain that the power of exercising this discretion has been grossly abused except by an examination of the question? And if the appellate Court has not the jurisdiction which I claim for it, the answer should be in all cases where the assignment of error is based upon the discretionary power, that the Court can-

Barber vs. State of Florida.—Opinion of Court.

not interfere for want of jurisdiction. Those cases proceed upon this idea—we will look into the matter ; if the power has been fairly, properly and justly exercised, we will not affirm the judgment, because it is right and just, but will do so on the ground that the Court has no power to interfere with it. And if, on the other hand, it shall appear that it has been arbitrarily exercised—if there has been a wanton or gross abuse of the power, the appellate Court will interfere and apply the proper corrective, because it is not a proper and just exercise of discretion. In fact jurisdiction is and must be assumed, according to these cases, to ascertain whether it is or is not the exercise of judicial discretion ; and yet it is said no appeal lies from the exercise of such judicial discretion, because the Supreme Court has not power to review it. The course of reasoning by which such a result is attained, seems to my mind too highly artificial to be sound. I cannot understand how the right to exercise this discretionary power, if free from control, is made to depend on the fact whether it is rightfully or wrongfully used ; so also it seems to me, that an uncontrollable discretion which acts materially on the rights of parties litigant, is, according to the principles of the common law, simply an absurdity ; and that it justly merits the eloquent denunciation of Ld. Camden, quoted by the Counsel for the appellant. " The discretion of a Judge," says that eminent jurist and statesman, " is the law of ty-" rants ; it is always unknown, it is different in different " men ; it is casual, and depends upon constitution, temper, " and passion. In the best, it is oftentimes caprice ; in " the worst, it is every vice, folly and passion to which hu-" man nature is liable."

In the case at bar, although the Circuit Court allowed the witness to be re-examined at a very late stage of the cause, yet I am unable to perceive, from the statement of

27

the bill of exceptions, that the discretion was exercised otherwise than soundly and properly. There was no surprise upon the appellant, and he does not appear to have been prejudiced by the discharge of witnesses, &c., previous thereto. It was a simple isolated fact as to the time when the offence charged was committed, and not as to the guilt of the appellant, whether he had in fact committed the offence or not. I can very well conceive of cases, both on the civil and criminal sides of the Court, when the re-examination of witnesses would tend greatly to the prejudice of the adversary party, and present temptations to the witnesses to commit perjury. Witnesses remaining in the Court room, and ascertaining from the arguments of counsel before the Jury the weak points of the case, if their feelings are strongly enlisted, would be prompted by the bias of their minds, to supply the defficiency, upon a re-examination. So also the new and substantive fact proved by a witness recalled to the stand, or a new witness introduced after the evidence had been closed, might be susceptible of contradiction, and yet the opposite party deprived of this opportunity by the discharge or departure of witnesses who had been in attendance. Other suggestions present themselves, but those stated are sufficient for the purpose of illustration. The discretion is to be exercised with reference to all the surrounding circumstances, and these circumstances in almost every instance, may be made to appear intelligibly to the appellate Court, by the bill of exceptions, so that if it has been improperly exercised, it may be corrected here. As before remarked, I concur in the judgment of affirmance, because I cannot see that any error has been committed by the Court below in the application of a sound legal discretion.