J. C. COURTNEY v. CENTRAL TRUST Co., Executor, etc.

150 So. 276.
Division B.
Opinion Filed October 9, 1933.

*J. Ben Fuqua* and *D. R. Peacock,* for Plaintiffs in Error;
*Hardee & Martin* and *J. S. Clark,* for Defendants in
Error.

PER CURIAM.—In this case a majority of the Court are
of the opinion that the demands of justice require the judg-
ment to be reversed for a new trial.

The record shows that on March 20, 1931, Mr. J. Ben
Fuqua represented to the Court by his motion in writing
that he had been, and then was, attorney for the defendant,
J. C. Courtney; that his wife had been seriously ill for
several weeks; that on said day the doctors attending his
wife had arranged a conference to decide whether Mrs.
Fuqua was on that day strong enough to go through a
serious surgical operation, and that by reason of his wife's
illness it had been impossible for Mr. Fuqua to prepare his
client's case for trial, nor was he, as an attorney, because
of his worry over his wife's condition, in any fit mental
condition to enable him to properly conduct his client's case
if it were then tried.

It was further represented in the motion that, because of
Mrs. Fuqua's condition, Mr. Fuqua was subject to being
called home at any time, which placed him in an attitude of
suspense that made him, as an attorney, feel that he could
not give his client the representation that his client should
have in the trial of his case. Continuance on the grounds
stated was moved and denied. Exception was duly noted.

On the same day the case was tried with another at-
torney representing Mr. Courtney, and judgment was en-

tered against defendant for $11,549.63, on a verdict returned by the trial jury.

While much must be left to the discretion of a trial judge in a matter like this, and this Court is always most reluctant and hesitant in reversing judgments rendered after continuances have been applied for and denied, yet we have not hesitated to consistently declare that, when a trial judge perceives that in consequence of inadvertance of counsel, *or other cause,* the rigid enforcement of rules of procedure would defeat the great object for which they were established, it is his duty to so relax them (when it can be done without injustice to any) as to make them subserve their true purpose, which is to promote the true administration of justice. See Barber v. State, 5 Fla. 199 (text 204).

Under present conditions surrounding the practice of the law, it is a common practice in this era of specialization, of which this Court must take judicial notice, for particular cases to be specially prepared for trial in all their phases by one particular attorney engaged in the case, although others may also be engaged. Such seemed to be the situation with Mr. Fuqua. The parties likewise often rely largely upon the peculiar skill which particular attorneys are supposed to possess in conducting the trials of causes before juries, as distinguished from ordinary hearings.

In this case it seems to a majority of this Court that, under the peculiar circumstances here shown in open court, supported by the written representation of an upright and honorable member of the bar, that through no fault nor neglect of his client, but solely through a personal misfortune that had befallen his client's counsel, his client's case if then tried, would be forced to trial either with an attorney whose mental attitude on account of his wife's illness, could not do

the defendant's case justice, or in lieu of that alternative, with a different counsel just called into the case as the record shows, and unfamiliar with the intricacies of the case to be tried, called for an exercise of that sound discretion vested in trial judges, the refusal to exercise which may be ground for the award of a new trial in order that justice may not only prevail in fact, but that the trial had and judgment rendered, be freed of the suspicion that it was in anywise the result of the personal misfortune of the unsuccessful litigant in being compelled to rely for his representation upon other than the one attorney in whom he had placed his confidence when he engaged him to handle the trial of the case before the jury.

In 6 R. C. L., page 550 it is stated that illness of a member of counsel's family has been accepted as a valid ground for an application for a continuance, but that the action to be taken on a motion for continuance on such ground rests in the sound discretion of the court whose ruling will not be readily disturbed.

We approve the rule just stated, as applied to cases like the present, but a majority of this Court are of the opinion that under the circumstances here shown, no unfavorable facts in opposition having been presented by the plaintiff below, that the discretion of the court should have been exercised in favor of the movant, at least to the extent of granting defendant some postponement of the day set for trial.

Reversed for a new trial.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., dissents.

ELLIS, J. (dissenting).—I fail to discover in the opinion any reason in law for the reversal of the judgment nor is

there any evidence in the record that the defense of the defendant Courtney required services of a specialist in this kind of litigation or that counsel associated with Mr. Fuqua was not entirely capable of representing the defendant.