BARNS, Justice.
This is an appeal from a final judgment of dismissal entered in open court when the case was called for trial, at which time the appellant-plaintiff sought a continuance for the term. The continuance was denied. We find no error and affirm.
The suit was commenced in August, 1949, and came at issue in January, 1952, whereupon the defendant on September 25, 1952, “noticed” the case for trial, and the case was set for trial on October 28, 1952.
When the case was called for trial appellants’ attorney filed a written motion for a continuance for the term setting forth that upon the case being noticed for trial that arrangements were made to take the deposition of the plaintiff in Mississippi through associate counsel of Mississippi; that he had not received copies of the deposition “if they were taken”, and counsel for the defendant had advised that such depositions were not taken, and such is the only knowledge that counsel has of the matter. He was advised by letter on the morning of trial date that the depositions were not taken.
Upon this motion being presented the Court advised plaintiffs’ counsel that the motion was not sufficient and indicated that counsel might “like to redraft” which offer was refused, and thereupon defendant’s counsel filed and presented a motion to dismiss for want of prosecution, which was granted.
Relating to continuances, in Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276, it is said: “While much must be left to the discretion of a trial judge in a matter like this, and this court is always most reluctant and hesitant in reversing judgments rendered after continuances have been applied for and denied, yet we have not hesitated to consistently declare that, when a trial judge perceives that in consequence , of inadvertence of counsel, or other cause, the rigid enforcement of rules of procedure would defeat the great object for which they were established, it is his duty to so relax them (when it can be done without injustice to any) as to make them subserve. their true purpose, which is to promote the true administration of justice. See Barber v. State, 5 Fla. 199, text 204.”
Under the facts and circumstances we are unable to conclude that the trial judge committed reversible error. When a defendant notices the case for trial and the plaintiff is unable to proceed because *161 plaintiff is1 absent or because her deposition simply has not been taken more is required in order to make it appear that the trial judge failed to exercise sound judicial discretion.
Affirmed.
ROBERTS, C. J.,, and TERRELL,. .SE-BRING, . MATHEWS . and DREW, JJ., concur.
THOMAS, J., dissents.-