122 So.2d 504 (1960)
Elsie Mary McWHORTER, Appellant,
v.
Grady McWHORTER, Appellee.
No. 1648.
District Court of Appeal of Florida. Second District.
August 17, 1960.
*505 Arthur J.J. Bohn, Fort Lauderdale, for appellant.
No appearance for appellee.
SHANNON, Judge.
The attorney for the plaintiff in a divorce action has taken this interlocutory appeal from an order of the chancellor below. No appearance has been made in this court by the appellee, who is defendant and counterclaimant in the lower court proceedings.
Elsie Mary McWhorter filed a complaint for divorce on January 14, 1959, in the form of a verified complaint, with exhibits attached. On the same date she also filed a notice of hearing on her application for temporary alimony, suit money, attorney's fees, and possession of the home. The plaintiff also sought, without notice, a restraining order against the defendant, preventing bodily harm to her or her children. This was granted by the chancellor. Two days later the plaintiff mysteriously disappeared while her two minor children were in school, and, from the affidavit of her attorney, she has not been seen since that time. As far as the authorities are concerned, she has been listed as a missing person. There have been some efforts on behalf of the defendant to establish that the plaintiff had been seen since her disappearance, but from the record and for the purposes of this opinion we take this to be a case of complete disappearance.
Owing to the disappearance, the motion for temporary alimony, etc. was never heard. On April 13, 1959, the defendant filed his answer to the complaint and also filed a counterclaim for divorce. On April 22, 1959, the plaintiff's attorney filed in her behalf a motion to stay the proceedings until such time as the court could be assured on some reasonable basis that the plaintiff was still alive. On May 19, 1959, the chancellor entered an order staying the proceedings for six months. At the expiration of this six month period, plaintiff's attorney filed a motion for an additional stay, which was heard on November 20, 1959. On November 30, 1959, the lower court issued the following order:
"Ordered, Adjudged And Decreed that:
"1) Motion in Behalf of Plaintiff for Additional Stay of Proceedings be and the same is hereby denied.
"2) Plaintiff's attorney, Arthur J.J. Bohn, be and he is hereby directed to file an answer to the Counterclaim of Defendant, Grady McWhorter, on or before the first day of December, 1959.
"3) The motion of Defendant-Counterclaimant, Grady McWhorter, for the taking of testimony within the thirty day period, as provided in Section 65.20 F.S.A. be and the same hereby is granted.
"4) Final Hearing on the issues set forth in the Plaintiff's Complaint and the Defendant's Counterclaim is hereby set for nine o'clock A.M. on the 2nd day of December, 1959.
"Copy furnished counsel.
"Done And Ordered this 30th day of November, 1959."
The attorney for the plaintiff has taken an interlocutory appeal from this order and raises three points in this court, namely:
1. Did the Chancellor below err in denying the motion of plaintiff for additional stay of proceedings?
2. Did the Chancellor below err in ordering counsel for the plaintiff to file an answer to the counterclaim?
*506 3. Did the Chancellor below set the case for final hearing before the cause was at issue under the Rules?
On the first point, it is essential to note that our procedure gives the Chancellor discretion as to continuances. This is provided in Rule 1.6(b) of the Florida Rules of Civil Procedure, 30 F.S.A. Judicial discretion is a nebulous term, and in Ellard v. Godwin, Fla. 1955, 77 So.2d 617, 619, our Supreme Court said:
"* * * Judicial discretion, as we pointed out in Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241, 247, `does not imply that a court may act, or fail to act, according to the mere whim or caprice of the presiding judge, but it means a discretion exercised within the limits of the applicable principles of law and equity, and the exercise of which, if clearly arbitrary, unreasonable, or unjust, when tested in the light of such principles, amounting to an abuse of such discretion, may be set aside on appeal.' * * *"
As seen by the above quotation, the applicable principles of law and equity control matters of judicial discretion, and if any ruling by a lower court is clearly arbitrary, unreasonable or unjust, it may be set aside. In Rainey v. Roesall Corp., Fla. 1954, 71 So.2d 160, where the plaintiff was absent and her deposition had not been taken, the Supreme Court held that it was not an abuse of discretion to proceed with trial. In other jurisdictions we find that a similar rule is generally used. When a continuance is requested because of the absence of a party, granting or refusing the motion is within the discretion of the court. See 17 C.J.S. Continuances § 113. The fact that this was a request for a second continuance was undoubtedly in the mind of the Chancellor at the time he made his decree. Such requests are seldom favored. See 17 C.J.S. Continuances § 112.
In considering this question we fail to see where the Chancellor abused his discretion, and we will so hold on this point.
In regard to his second point, the attorney for the plaintiff raises a very interesting question. He takes the position that the Chancellor committed error in ordering him to file an answer to defendant's counterclaim. Obviously, any answer that is filed to the counterclaim will have to be on the merits. In Rule 1.5(a), Florida Rules of Civil Procedure, it is provided that:
"* * * The signature of any attorney shall constitute a certificate by him that he has read the pleadings; that to the best of his knowledge, information and belief there is good ground to support it; * * *"
The appellant takes the position, though not so expressed, that the Chancellor's order is mandatory. With this we do not agree and we hold that it is merely discretionary. In other words, the attorney for the plaintiff may answer or he may not, subject to the penalty of a decree pro confesso if he does not.
We have considered the third point, but, in view of this appeal, there is now no necessity for this court to express an opinion on this question.
Affirmed.
ALLEN, C.J., and KANNER, J., concur.