144 So.2d 341 (1962)
Alfred B. BOWEN, Appellant,
v.
Thomas B. MANUEL, Jr., Appellee.
No. 2557.
District Court of Appeal of Florida. Second District.
August 15, 1962.
Rehearing Denied September 11, 1962.
*342 Jones, Adams, Paine & Foster, West Palm Beach, for appellant.
Edgar G. Hamilton, West Palm Beach, for appellee.
WILLSON, J.H., Associate Judge.
When this cause, a negligence action, came on for trial, the plaintiff informed the defendant that he intended to call one Dr. Edgar Kellerman as a witness. Dr. Kellerman had examined the plaintiff for the first time on the preceding day for the express purpose of testifying at the trial. The plaintiff at the same time furnished defendant with a copy of Dr. Kellerman's report on the examination. This indicated that plaintiff's injuries were more severe than medical examinations had disclosed.
The defendant moved the Court to continue the trial, or, in the alternative, to separate the issues of liability and damages, on the ground that he was confronted with surprise testimony. The Court denied the motion.
At the close of plaintiff's case, and again when both parties had rested, the defendant moved for a directed verdict on the ground that plaintiff was guilty of contributory negligence as a matter of law, and the Court in each instance denied the motion. The jury returned a verdict for plaintiff in the sum of $22,500.00. A motion for new trial was denied.
Appellant presents these questions for our consideration:
"Did the trial court err in denying the defendant's motions for a continuance, for a separation of the issues of liability and damages, and for a new trial in view of the surprise medical testimony offered by the plaintiff.
"Did the trial court err in denying the defendant's motion for a directed verdict made at the conclusion of the plaintiff's case and renewed at the close of all the evidence on the ground *343 that plaintiff's acts constituted contributory negligence as a matter of law."
The purpose of the discovery provisions of the Florida Rules of Civil Procedure, like the similar provisions of the Federal Rules of Civil Procedure, is to make all relevant facts available to the parties in advance of the trial of the cause, and so render surprise at the trial a practical impossibility. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; 1 Un. of Fla.Law Review 155, 3 Un. of Fla.Law Review 17. The defendant did not avail himself of any of the several discovery provisions.
It has been held, without reference to the discovery procedures, that one who knows, or has full means of knowing, what evidence or contentions are likely to be introduced against him is not entitled to a continuance on the ground of surprise, at least in the absence of misleading acts or declarations on the part of his adversary. 17 C.J.S. Continuances § 69, p. 243. There were no such acts or declarations in this case. It has also been held that surprise cannot be claimed where no interrogatories were propounded. American Cotton Oil Co. v. Davis, 129 Wash. 24, 224 P. 23.
The allegations of the complaint in this case were sufficient to apprise the defendant of the nature of plaintiff's alleged injury, including the injury that was the subject of Dr. Kellerman's testimony. The defendant could have used the available discovery processes, including the physical examination of the plaintiff, and so learned the exact nature and extent of his injuries. Having failed to do this, he is in no position to claim surprise.
The Florida Rules of Civil Procedure, 30 F.S.A. do not specifically provide for the separate trial of the several issues in an action, except those made by counterclaim or cross-claim, Rule 1.13(9), nor do we have any statute that authorizes such procedure. (But see Rule 1.20(b), effective July 1, 1962, subsequent to the trial in the instant case). In the absence of an authorizing rule or statute, it is generally held that the parties cannot, as of right, have separate trials of the several issues in a cause. 53 Am.Jur. 62; Miller v. American Bonding Co., 257 U.S. 304, 42 S.Ct. 98, 66 L.Ed. 250; Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648. Even where there are rules or statutes authorizing separate trials of the several issues, the piecemeal trial of actions is not considered a matter of right, and is allowed only when it would further justice and avoid undue expense or inconvenience to the parties. Frasier v. Twentieth Century-Fox Film Corp., D.C., 119 F. Supp. 495; Zenith Radio Corp. v. Radio Corporation of America, D.C., 106 F. Supp. 561; United Air Lines, Inc. v. Wiener, 9 Cir., 286 F.2d 302. It is generally not allowed in the ordinary negligence action, United Air Lines v. Wiener, supra, Iley v. Hughes, supra.
The true end of legal actions is the just settlement of the dispute between the parties. The object of the rules of procedure is to attain this end. Barber v. State, 5 Fla. 199; Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276; Shepherd v. State, Fla.App., 108 So.2d 494. In the absence of a controlling statute or overriding rule of procedure trial courts have a broad discretion in conducting the trial of a cause. Alford v. Barnett National Bank, 137 Fla. 564, 188 So. 322; Hahn v. State, Fla., 58 So.2d 188; Rose v. Yuille, Fla., 88 So.2d 318; Kennick v. State, Fla.App., 107 So.2d 59. When the proper administration of justice makes it imperative, the trial courts of this state may, in their discretion, order the separate trial of the several issues in a cause. It is our view, however, that this should be the exception rather than the usual practice.
There was no abuse of discretion in denying defendant's motion for the separate trial of the issues of liability and damages on the ground of surprise, the surprise *344 being due to his failure to use the available means to inform himself.
The issue of contributory negligence is one that should generally be decided by the jury rather than in a summary manner by the Court, 23 Fla.Jur. 354; Saunders v. Kaplan, Fla.App., 101 So.2d 181; Deane v. Johnston, Fla., 104 So.2d 3, 65 A.L.R.2d 957; Alessi v. Farkas, Fla. App., 118 So.2d 658; Sneed v. City of West Palm Beach, Fla.App., 128 So.2d 166, especially when the issue arises on a statement of facts from which reasonable men might draw different conclusions, either as to the facts or the conclusions or inferences to be drawn therefrom. Alessi v. Farkas, supra.
The record shows that about 7:30 A.M. on January 18, 1960, the plaintiff was driving his pickup truck on a public highway in a rural area. All the witnesses to the accident, except the defendant, testified that it was very foggy, and visibility was limited to a maximum of 100 feet. The headlights on plaintiff's vehicle were burning. As plaintiff approached his destination he slowed down and began to flash his turn indicator for a left turn. He did not see the automobile driven by the defendant, which was approaching from the opposite direction, without its headlights burning, and at a rate of speed estimated by the witnesses to be as much as 75 miles per hour. Plaintiff's pickup truck was nearly off the road when it was struck in the right side by defendant's vehicle. Plaintiff complied with all the statutory requirements for making a left turn, Section 317.37, Fla. Stat., F.S.A., unless under the condition it can be said it was not "with reasonable safety."
The facts in Halbach v. Robinson Bros., 173 Pa.Super. 622, 98 A.2d 750, were nearly identical to those in the case before us. The Court said:
"(P)laintiff's version, accepted by the jury, was that the truck was not within her limited range of visibility when she started to cross the highway. Being unaware of its approach (by reason of fog), she was not testing an obvious danger by attempting to clear the lane before it reached her. If plaintiff was to cross at all, she had to do so by ascertaining that no approaching traffic was in view before proceeding. The jury found that she complied with this duty.
* * * * * *
"(S)he had a right within reasonable limits to assume that ordinary care would be used to protect her and her property from injury; she was not required to anticipate and guard against the want of ordinary care on the part of another, or to assume that another would flagrantly violate the statutory speed limit.
* * * * * *
"We find that the evidence does not so clearly and unmistakably point to contributory negligence on the part of plaintiff that it can be declared as a matter of law. It is only where reasonably minded men could not honestly deduce any other inference that the question of contributory negligence will be taken away from the jury."
We cannot say that the plaintiff in this case was guilty of contributory negligence as a matter of law. The issue of contributory negligence was therefore properly submitted to the jury. It found for the plaintiff. There is no reason for us to disturb its verdict.
The judgment is affirmed.
SHANNON, C.J., and SMITH, J., concur.