PER CURIAM.
The appellant, wife, was granted a divorce, custody of a minor child of eight months, use of home held as an estate by the entireties, child support of $60 per month and alimony of $60 per month. The wife’s use of the home for herself and the child was conditioned upon her payment of “ * * * the costs incident to the maintenance and upkeep of the home including the mortgage payments, telephone, electricity, water and garbage charges, taxes and payments to Sears Roebuck & Co., C.M.A., and Service Finance for furniture and appliances presently in the home * *
It is apparent that the chancellor attempted by the decree to help the parties to make the best of a bad situation. Upon the disputed testimony, the chancellor may have found that the net income of the husband was approximately $400 per month. On this appeal the appellant has strenuously contended that the needs of the wife and child, at the barest minimum, are $271 per month. It is also apparent from the testimony that during their marriage the parties lived considerably beyond their means. They amassed a great many debts. Under such circumstances we are reluctant to hold that the chancellor has exceeded his discretion. Nevertheless, we are convinced that the result reached in this instance is not only impractical, but inequitable and, therefore, the decree must be reversed. See Ellard v. Godwin, Fla.1955, 77 So.2d 617; McWhorter v. McWhorter, Fla.App. 1960, 122 So.2d 504. It is apparent that under the present alimony and support provisions of the decree, the wife does not have the financial ability to feed and clothe herself and the child of the parties, and at the same time make the payments necessary to the maintenance of the home.
In the argument of this appeal, counsel for the appellant and for the appellee have agreed that the husband was willing at the time of the final decree to convey title to the home property to the wife. At that time the appellant was against such a solution be *794 cause such an award might he considered lump-sum alimony and, therefore, a bar to periodic alimony. See Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754; Peteler v. Peteler, Fla.App.1962, 145 So.2d 291. The offer was rejected. Subsequent to the date of the decree, the Legislature of the State of Florida amended § 65.08, Fla.Stat., F.S. A. to provide that “In any award of permanent alimony the court shall have jurisdiction to order periodic payments or payment in lump sum, or both, in its discretion.” This act became effective September 1, 1963. Fla.Laws 1963, ch. 63-145 at 209.
In view of the change in the applicable law and our conclusions as to the decree, we have determined that the property, support, and alimony provisions of the final decree appealed should be reversed and the cause remanded for an amended decree providing for alimony and support payments in accordance with the views herein set forth.
Reversed and remanded for the entry of an amended decree.