BOYER, TYRIE A., Associate Judge.
We have for consideration an appeal by the defendants below from a judgment entered on a jury verdict in favor of the plaintiffs below. The parties will be referred to by the same designations as was used in the trial court. The defendants, in their brief, succinctly state that “the gravamen of the appeal is that the jury verdict resulted from the plaintiffs being permitted to profit from unconscionable and deliberate conduct which took the defendants by surprise with no opportunity to prepare against it.”
In their Complaint the plaintiffs alleged, inter alia, that Mrs. Sanburn, as a result of the accident complained of, sustained injuries to the head and central nervous system and other parts of the body. By amendment the Complaint further alleged that her memory had been affected by her injuries. Upon motion of the defendants an Order was entered on January 21, 1965, requiring the plaintiffs to produce “all bills or statements for medical treatment, medications or other related items, the cost of which is claimed to have been incurred by plaintiffs as a result of the injuries allegedly sustained in this case by plaintiff, Fern Warner Sanburn” and “any and all records of hospitals in which the plaintiff, Fern Warner Sanburn, has been a patient or received treatment allegedly as a result of the accident here involved; or in the alternative written authorization to obtain same.” Upon further motion of the defendants Mrs. Sanburn was required to submit to a compulsory physical examination by a court appointed orthopedist, who rendered a report reciting that “she had some vague head problems” but “evaluation of the central nervous system would be out of the field of orthopedics.” The deposition of Mrs. San-burn was taken by defendants on March 4, 1965. In due course the case was set to be tried on May 10, 1965, but before that date, to-wit: on April 13, 1965, the plaintiffs moved for a continuance of the trial date upon the ground that the plaintiffs’ chief witness would be absent from the city. This motion was granted and the trial was rescheduled for the trial calendar period commencing June 21, 1965. Subsequent to the Order granting the continuance the plaintiff, Mrs. Sanburn, was examined by a radiologist and a neurologist. New X rays were made and an EEG was taken. The case was reached on the court’s trial calendar on Wednesday, June 30, 1965. On Thursday, July 1, 1965, the second day of the trial, the plaintiffs called as witnesses the two physicians who had examined Mrs. Sanburn subsequent to the date upon which the case was initially scheduled for trial. The defendants objected on the ground of surprise which objection was overruled. The defendant then moved for a mistrial which was also denied. There was no motion for a recess of the trial or for a continuance.
The defendants now complain on this appeal that the verdict in favor of the plaintiffs in the sum of $20,510.00 resulted from the testimony of the radiologist and neurologist of whom they had no prior notice or knowledge, and that had defendants been alerted by the plaintiffs contradictory testimony could have been and would have been adduced by the defendants. Essentially it is the defendants’ position that the plaintiffs *63 ■were under a duty to keep them informed of all developments in the case and further that the true purpose of the plaintiffs having sought and obtained a continuance was not because of the absence of a witness as was alleged and represented to the trial court, but rather to afford an opportunity to undergo further medical examinations prior to the trial.
In order that the matter might be quickly laid to rest we unhesitatingly hold that were there evidence, as distinguished from suspicions and accusations, that the continuance was obtained as a result of misrepresentations and for the purpose of taking an unfair advantage of the opposing parties we would promptly reverse. However, though the chronology of events docs raise a suspicion, the record is devoid of a scintilla of evidence to sustain the defendants’ accusations. The trial court had an opportunity to hear and consider the defendants’ contentions and he did not see fit, in the exercise of his sound discretion, to grant relief. His action will not be disturbed here.
 In order that this opinion be not misconstrued, we emphatically state that sharp practices and lack of candor on the part of counsel are not condoned. However, in the absence of resort to appropriate discovery proceedings, or voluntary agreement, one party is under no duty nor obligation to furnish information to his adversary, and a party is not required to prepare his adversary’s case. It is pertinent to note that in the case sub judice the defendants failed to avail themselves of the most obvious and customary discovery process, written interrogatories. The record is devoid of any oral or written request by the defendants for the names and addresses of any persons, experts or otherwise, believed by the plaintiffs or their attorney to have knowledge concerning the facts or claims alleged in the Complaint. Though we have been cited to no Florida case on the point, it has been elsewhere held, and we now hold, that interrogatories are continuing in nature, and when interrogatories are propounded pursuant to the appropriate rule requesting names of witnesses, experts, etc., the answering party is under an obligation to furnish the propounding party with any data discovered subsequent to the filing of answers to the interrogatories, if such data would have been appropriately furnished in the initial answers. (See Smith v. Acadia Overseas Freighters, D.C., E.D.Pa.1953, 120 F.Supp. 192.)
Although defendants did avail themselves of Rule 1.28, Florida Rules of Civil Procedure, 30 F.S.A., neither the motion nor the order was so phrased as to require or even suggest prospective application. We do not intend to hold that an Order for production, pursuant to Rule 1.28, may not be continuing in nature, but only that if it is to be so construed its verbiage must be such as to make it so.
The defendants could have requested a pretrial conference pursuant to Rule 1.16, Florida Rules of Civil Procedure, thus bringing into application the holding of Rose v. Yuille, Fla., 88 So.2d 318. However, this, too, they failed to do.
The deposition of the plaintiff, Mrs. Sanburn, taken on March 4, 1965, reveals that she there informed the defendants that her physician suspected a fracture of one of the facial bones and further that she had suffered a memory loss as a result of her injuries. Thus the defendants were, in fact, on notice of possible neurological damage which they now claim to have surprised them. However, defendants also failed to depose the plaintiff’s known treating physician.
In order for surprise, as that term is used in its legal sense, to be a ground for relief, a party must have exercised reasonable diligence to protect himself from such surprise and the consequences thereof.
In Bowen v. Manuel, Fla.App.1962, 144 So.2d 341, our sister court of the Second *64 District, in a case factually similar to the case sub judice, said :
“The purpose of the discovery provisions of the Florida Rules of Civil Procedure, like the similar provisions of the Federal Rules of Civil Procedure, is to make all relevant facts available to the parties in advance of the trial of the cause, and so render surprise at the trial a practical impossibility. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; 1 Un. of Fla.Law Review 155, 3 Un. of Fla. Law Review 17. The defendant did not avail himself of any of the several discovery provisions.
“It has been held, without reference to the discovery procedures, that one who knows, or has full means of knowing, what evidence or contentions are likely to be introduced against him is riot entitled to a continuance on the ground of surprise, at least in the absence of misleading acts or declarations on the part of his adversary. 17 C.J.S. Continuances § 69, p. 243. There were no such acts or declarations in this case. It has also been held that surprise cannot be claimed where no interrogatories were propounded. American Cotton Oil Co. v. Davis, 129 Wash. 24, 224 P. 23.
“The allegations of the Complaint in this case were sufficient to apprise the defendant of the nature of plaintiff’s alleged injury, including the injury that was the subject of Dr. Kellerman’s testimony. The defendant could have used the available discovery processes, including the physical examination of the plaintiff, and so learned the exact nature and extent of his injuries. Having failed to do this, he is in no position to claim surprise.”
“The true end of legal actions is the just settlement of the dispute between the parties. The object of the rules of procedure is to attain this end. Barber v. State, 5 Fla. 199; Courtney v. Central Trust Co., 112 Fla. 298, 150 So.2d 276; Shepherd v. State, Fla.App., 108 So.2d 494. In the absence of a controlling statute or overriding rule of procedure trial courts have a broad discretion in conducting the trial of a cause.”
There being no evidence of misrepresentation on the part of plaintiffs or their attorney, and no error nor abuse of discretion having been shown, the judgment appealed from must be and is affirmed.
Affirmed.