PEARSON, Chief Judge.
The defendant counter-plaintiff, Archer-Daniels-Midland Co., appeals from an order granting the plaintiff counter-defendant, A & P Bakery Supply and Equipment Co., a new trial. We reverse.
After numerous delays the circuit court on April 8, 1969, set the cause for jury trial during the two week period beginning September 15, 1969. On September 9, 1969, counsel for both parties jointly filed a motion for continuance. The court denied the motion the same day. On September 26, 1969, the court granted plaintiff’s oral motion for continuance because the father of plaintiff’s counsel was ill. Thereafter the cause was set for jury trial during the week of October 6, 1969. On October 6 both lawyers appeared in court. Plaintiff’s counsel orally moved for a continuance on the ground that he had not understood that the case would be tried that day; he had *74 understood “that there was to be just a calendar call here.” The oral motion was denied. A jury was empanelled. Only one witness testified for the plaintiff: its president. The court granted defendant’s motion for directed verdict at the close of plaintiff’s case. Defendant then presented its evidence on the counterclaim. The court directed a verdict in defendant’s favor. Two judgments were filed on October 8, one dismissed plaintiff’s complaint, the other entered judgment for defendant on its counterclaim.
On October 16 the plaintiff filed a motion for a new trial. Although the motion contains four numbered paragraphs the sole ground, in substance, upon which the motion was based was a claimed lack of sufficient evidence to support the directed verdicts. On December 1 at the hearing on the motion for a new trial, plaintiff presented a written motion to amend the motion for new trial by adding a new ground: “5. This court erred in denying the Motion of Plaintiff for a continuance of the trial herein.” The motion to amend went on to state that the amendment was necessary because the new ground alleged “was inadvertently omitted from the motion dated October 15, 1969.” Over objection, the court granted the motion to amend. On December 10 the court entered an order granting a new trial, setting forth the ground for the new trial as follows:
“ * * * it appearing to the Court that an application for continuance was timely made by the said Plaintiff (Counter-Defendant), and the Court having reviewed the facts of such application and -the circumstances existing at that time, and having further considered the facts presented by counsel for the said Plaintiff (Counter-Defendant), and having further considered the matters and things as set forth in the Memorandum in Support of Motion for New Trial and the law applicable thereto, and the Court having heard argument of counsel for each of the parties and being otherwise fully advised in the premises, and it appearing that the circumstances of this case brings this matter within the Rule as adopted by the Supreme Court of the State of Florida in the case of Courtney v. Central Trust Co. [112 Fla. 298], 150 So. 276; Western Union Telegraph Co. v. Suit [153 Fla. 490], 15 So.2d 33, and this Court finding that the true administration of justice would best be served by the granting of a new trial to the Plaintiff (Counter-Defendant), and the setting aside of the Judgments rendered in favor of the Defendant (Counter-Plaintiff) * *
We begin our discussion of the law applicable to this appeal with a reminder that we are limited in our review to. a consideration of the single ground specified by the trial judge. See § 59.07(4), Fla. Stat., F.S.A., and, e. g., Gatlin v. Jacobs Construction Co., Fla.App.1969, 218 So.2d 188. This means that the order under review must be affirmed if the assigned ground is correct, that is, if the trial court did in fact commit error when it denied plaintiff’s oral motion for continuance on October 6, 1969, the day the cause came on for trial. As we noted above this ground was not included in the original written motion for a new trial, but the amendment of a motion for new trial is allowed by Rule 1.530(b), RCP, 31 F.S.A.
The appellant urges that the order granting the new trial must be reversed because the record does not support the trial court’s conclusion that it committed error when it denied the motion for continuance. The appellee relies for affirmance upon the proposition that an order granting a new trial is entitled to great weight upon appeal and will not be disturbed absent a showing of a clear abuse of discretion. See cases cited in Heggie v. Leonard Brothers Transfer, Inc., Fla.App.1966, 191 So.2d 581. In the instant case the trial court denied the motion for continuance and then determined later that its exercise of discretion was against the established law upon the subject. The court determined that the initial ruling on the motion for continuance *75 was error because of the law set forth in Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276 (1933), and Western Union Telegraph Co. v. Suit, 153 Fla. 490, 15 So.2d 33 (1943). In the Courtney decision the Supreme Court held that a continuance of trial was improperly denied where a written motion for a continuance had been made and where the facts presented by the record showed that by reason of his wife’s illness defendant’s attorney had not been able to prepare defendant’s case and that the attorney, because of worry over his wife’s condition, was not in a mental condition to enable him to properly conduct his client’s case. In the Western Union decision the Supreme Court held that .it was improper for a trial judge to proceed to trial where he was informed that the absence of the defendant and its attorney was due to the actual illness of counsel, and defendant had no knowledge of this fact or notice of the case.
We think the trial court in the instant case mistakenly found that these cases established that it had erroneously denied appellee’s motion for a continuance. In the instant case the motion for continuance was not in writing. Rule 1.460(b), RCP, 30 F.S.A., not only requires that the motion be in writing but requires that “[i]t shall state fully and clearly all of the facts which the movant conceives may entitle him to a continuance.” In counsel’s oral statement to the court requesting a continuance[1] the only clearly stated ground for continuance is that counsel had misunderstood the date set for the trial. The statement in support of the motion for continuance falls far short of setting forth facts which bring this case within the purview of the rule announced in the two cases cited. Therefore the trial court mistakenly ruled that it had committed error when it denied the motion for continuance.
Appellate courts are reluctant to reverse orders granting new trials. Nevertheless, as pointed out in Nunberg v. Brodsky, Fla.App.1969, 224 So.2d 727, there is a difference between cases in which the trial court grants a new trial because of a finding that the verdict is against the manifest weight of the evidence and those cases in which the trial court finds that it must grant a new trial because of an error it considers it has made. In the first instance the trial court is acting upon an evidentiary question, in the second, the question is one of law. The function of a motion for new trial where a party claims it was aggrieved by the rulings of the trial court is to furnish an opportunity for the trial court to correct its own errors, if any. Kahn v. Delaware Securities Corporation, 114 Fla. 32, 153 So. 308 (1934). Implicit in this rule is the rule that a new trial should not be granted on the basis of a ruling which was free from error. See: Nunberg v. Brod *76 sky, above; National Western Life Insurance Co. v. Walters, Fla.App.1968, 216 So.2d 485.
Since the original ruling denying the motion for continuance was correct, the order granting the new trial was incorrect. It is therefore reversed, and the cause is remanded to the trial court with directions to reinstate the verdicts and enter judgment thereon.
Reversed and remanded with directions.

. “Mr. STILLMAN: I would like to move for a continuance in this action.
I represent the plaintiff.
This case has been continued once at the plaintiff’s request on the calendar call for September 26th.
A motion was made by me on the ground that m.v father had been taken seriously ill and hospitalized in Massachusetts with a heart attack.
The Court granted that continuance at that time.
Since then my father has passed away.
On Friday afternoon I received a message from my secretary that the Court wished to have us down for what I understood to be a calendar call on Monday morning, that is, this morning.
I understood that the purpose of the calendar call was to set a date certain for trial, which to me intimated and I assumed would be the end of this week or the first of next week.
I state to the Court that I misunderstood the direction of the Court and of the Court’s secretary in understanding that there was to be just a calendar call here.
I understood that there were two capital cases ahead of me.
I returned to my office on last Thursday, and was working on other matters on Friday afternoon when the telephone call from the Court’s office came.
I repeat that I never asked for a continuance in this case except three weeks ago.
THE COURT: Motion denied. This case has been going on since 1964, and was set for trial a long time ago.”