MANN, Chief Judge.
Smith alleges that a lighting fixture fell and injured him while he was at the Causeway Inn in Tampa. Among other defendants are Floodlight Service Co., the installer, now dissolved, and American Fire and Casualty Co., which is alleged to have insured Floodlight against liability. The complaint states that a copy of the policy is unavailable.
There are two depositions on file. In one the insurance agent who handled Floodlight’s insurance stated that he had no records going back to the date in question. Asked where one might look for evidence of the policy’s existence, he replied that they should ask the company. The second deposition is that of the former owner of Floodlight. He testified that he had liability coverage and that American Fire and Casualty wrote it.
The insurer’s motion for summary judgment, which was granted, is accompanied by nothing to contradict the plaintiff’s claim that Floodlight was covered. If American Fire and Casualty Company is not liable as an insurer it would be a simple matter for a responsible officer so to assert under oath. Faced with an affidavit or deposition thus establishing non-liability, the plaintiff would either have to suffer summary judgment or seek, pursuant to R. C.P. 1.510(f), 31 F.S.A., authority to pursue the evidence he needs, if he asserts the prospect of finding it. A reviewing judge suspects, in cases like this, that the plaintiff regards these defendants as secondary and accordingly has not pursued the proof of their liability as diligently as he should. Nevertheless, considering the fact that the insurer’s access to proof of non-liability is clearly superior to the plaintiff’s access to proof of liability, it is necessary that more be shown than supports this summary judgment. This is an issue well suited to disposition before trial. If the insurer is to receive a summary judgment, it ought to be because its non-liability is affirmatively shown and not because some doubt remains whether it is not liable or whether its liability is undiscovered. See 6 Moore, Federal Practice § 56.15 [5].
Reversed and remanded.
HOBSON and McNULTY, JJ., concur.