311 So.2d 393 (1975)
Coleman M. STANLEY, Appellant,
v.
Harvey Arthur BELLIS et al., Appellees.
No. 74-743.
District Court of Appeal of Florida, Fourth District.
April 18, 1975.
William G. Mitchell, Giles, Hedrick & Robinson, Orlando, for appellant.
James M. Corrigan and W.B. Hallowes, Jr., Maguire, Voorhis & Wells, Orlando, for appellees.
WALDEN, Judge.
This is a negligence action. Plaintiff, a pedestrian, alleged that he was struck by a vehicle and he sought damages for personal injuries against the individual defendants, plus their three named out-of-state insurers, Western Fire Insurance Co., Western Surety Co. and Western Casualty and Surety Co. The trial court granted final summary judgment against the plaintiff and in favor of the three named insurance *394 companies. Plaintiff appeals. We reverse and remand.
The appellate issue: should the trial court have granted plaintiff's motion for continuance addressed to the hearing on defendant's motion for summary judgment?
The calendar of events:
April 3, 1974 Defendants-insurance companies-moved for summary
 judgment on the basis that they did not insure the
 individual defendants at the time of the accident. The
 hearing was scheduled for April 29, 1974, which allowed
 a few days more than the minimum notice prescribed in
 Rule 1.510 F.R.C.P.
April 26, 1974 Plaintiff filed:
 1. Notice of taking deposition of defendants, Western
 Casualty & Surety Company on June 4, 1974, addressed
 to the question insurance coverage.
 2. Notice of taking depositions of individual defendants
 on June 4, 1974.
April 26, 1974 Plaintiff filed motion for continuance as to hearing on
 motion for summary judgment. Again, the hearing on
 the motion for summary judgment had been set for April
 29, 1974.
 Plaintiff said that he had not had a reasonable time for
 discovery and asked for a reasonable extension. He
 pointed out that the case was only recently brought to
 issue on April 24, 1974. He said the noticed depositions
 of defendants were essential to the consideration of the
 motion for summary judgment. He added that plaintiff
 was an unwell resident of a nursing home out of state
 requiring more time for consultation between plaintiff
 and his lawyers. He said that the determination of the
 issue would require the application of the law of three
 states, requiring additional time for preparation.
 Finally, he said the time problem was complicated by the
 fact that one individual defendant and two corporate
 defendants were located out of state.
April 29, 1974 Plaintiff filed notice of taking deposition of Western
 Fire Insurance Company on June 4, 1974 concerning
 insurance coverage.
 Plaintiff's motion for continuance denied.
 The hearing on summary judgment was conducted.
 Plaintiff filed motion to hold ruling in abeyance pending
 the taking of the deposition of the individual defendants
 (which had been moved up to May 17, 1974), because their
 testimony was essential as to question of insurance
 coverage.
May 1, 1974 Defendants-insurance companies'-motion for summary
 judgment granted and final judgment entered thereon.
*395 We reverse.
It is our view that the trial court abused its discretion under these circumstances in refusing to extend the hearing on motion for summary judgment for at least such time as would have permitted plaintiff to depose the defendants and discover if, in fact and law, there was some basis for asserting liability against the corporate defendants.
It is true that plaintiff might have moved earlier in the gap between April 3rd and April 26th, in taking discovery steps upon learning of the filing of the motion for summary judgment and its hearing date. However, it is difficult to believe, again under these circumstances, that he could have been reasonably expected to complete the steps and file the depositions prior to April 29, 1974. We have been unable to detect that plaintiff's counsel was unduly dilatory or frivolous or trifling in his efforts or representation before the court. Clearly the issue of coverage was viable and clearly the depositions of the defendants were necessary for consideration in truly disposing of the issue. We can speculate equally that they might have shown an issue as to coverage or not.
Remembering that plaintiff's day in court was in balance, we can perceive no reason not to extend the time for hearing for a few weeks and every reason to do so. What possible injustice could have been visited upon the corporate defendants by continuing the hearing for a short time? On the other hand, it was to the Court's advantage and surely to the plaintiff's possible benefit that a complete inquiry be made as a basis for determining the critical question. It is noted that plaintiff's motion was solely supported by an affidavit of a claims manager that he had searched the records and determined that the individual defendants were not insured in that their policies had been earlier cancelled for non-payment of premiums. However, there is an accident report in the record indicating that the individual defendants had reported to the investigating officer that they were insured by the insurer defendants. While this latter matter may not be evidentiary, it was, we believe, indicative that the question might well be more deeply explored before the plaintiff was summarily deprived of his claim. See Smith v. Continental Insurance Co., 281 So.2d 393 (2d D.C.A.Fla. 1973), in which the court held:
"If the insurer is to receive a summary judgment, it ought to be because its non-liability is affirmatively shown and not because some doubt remains whether it is not liable or whether its liability is undiscovered."
The court in Estate of Rutherfurd, 304 So.2d 517 (4th D.C.A.Fla. 1974), discussed continuance and observed:
"However, in special circumstances, special concessions should be made. When it appears that rigid enforcement of procedural requirements would defeat the great object for which they were established, the trial judge should relax them, if it can be done without injustice to any of the parties. Ford v. Ford, 150 Fla. 717, 8 So.2d 495 (Fla. 1942); Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276 (Fla. 1933)."
See, Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., 108 So.2d 641 (1st D.C.A. Fla. 1959); 7 Fla.Jur., Continuances § 8 et seq.
And so we respectfully reverse and remand for further proceedings consistent herewith.
Reversed and remanded.
MAGER, J., and MOE, LEROY H., Associate Judge, concur.