KLEIN, J.
We affirm an order denying appellant’s motion for continuance based on the illness of her husband.
This suit was filed in March, 2000 against appellant and her husband, for attorney’s fees incurred in a bankruptcy proceeding. Appellant did not retain counsel.
In June, 2000, the court set the ease on a thirty-day jury trial docket beginning February 20, 2001. The case was continued from that docket because plaintiff amended the complaint. In February, 2001, appellant’s son, a New Jersey lawyer who had not appeared for her, wrote to opposing counsel stating that he was taking his mother’s deposition in New Jersey, where she lived, to preserve her testimony for trial because she would not be able to travel to Florida for a trial.
' On February 28, 2001 appellant wrote the trial judge a letter stating that she would be unable to travel to Florida in the near future since her husband had suffered a stroke and she was his only caretaker. She informed the court she was retaining an attorney in Florida and requested a ninety-day postponement. The court considered the letter a motion for continuance and reset the case for a docket beginning May 29, 2001.
Prior to that docket call appellant wrote the judge to advise that her husband had been scheduled for surgery on May 31, 2001 in New York, requesting that this *662 should be taken into account in regard to the trial schedule. Appellant was called by a clerk on May 25, 2001 advising her that the case was scheduled for trial on May 29, 2001. She responded that this was not convenient because of her husband and she could not obtain affordable plane tickets on such short notice. The clerk replied that the trial date would not be changed. The trial was held on May 29, 2001, with no ■ appearance for appellant, resulting in a verdict for plaintiff.
Appellant relies on Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276 (1933), which holds that the illness of a party, counsel or a family member is grounds for a continuance. In the present case, however, appellant had indicated through her son that she would not be attending the trial in Florida and, although the suit had been pending for more than a year, she had not retained counsel.
In Fleming v. Fleming, 710 So.2d 601 (Fla. 4th DCA 1998) this court noted that the factors to be considered in determining whether a trial court abused its discretion in denying a motion for continuance include (1) whether the denial creates an injustice for the movant, (2) whether the cause of the request was unforeseeable and. not the result of dilatory practices, and whether the opposing party is prejudiced. Because appellant had already indicated in this case that she was not traveling to Florida for the trial and, because she had ample time to retain an attorney and failed to do so, we find no abuse of discretion in the denial of the continuance. Affirmed.
POLEN, C.J., and TAYLOR, J., concur.