106 So.2d 567 (1958)
Marie M. MARSH, Appellant,
v.
CITY OF ST. PETERSBURG, Appellee.
No. 524.
District Court of Appeal of Florida. Second District.
November 7, 1958.
*568 Ratcliffe & McGarry, Denny J. McGarry, St. Petersburg Beach, for appellant.
Mann, Harrison & Mann, Baya M. Harrison, Jr., St. Petersburg, for appellee.
ALLEN, Acting Chief Judge.
This is an appeal from a final judgment based on a directed verdict in a negligence action. Marie M. Marsh sued the City of St. Petersburg for injuries sustained when plaintiff fell out of bed while a patient in defendant's hospital. At the conclusion of plaintiff's evidence at the trial, the trial judge directed a verdict for defendant. Plaintiff appeals.
The second amended complaint alleged that plaintiff became a patient in defendant's hospital while suffering from a heart condition, that she was then under heavy sedation and helpless, that the defendant's agents and employees knew or should have known plaintiff's condition, and that defendant's agents and employees nonetheless negligently failed to put sideboards on plaintiff's hospital bed. Plaintiff then alleged that as a result of such negligence, she fell out of bed and suffered serious injuries.
In a second count, plaintiff alleged a contract obligating defendant's agents and employees to furnish plaintiff with hospital and nursing care and attention required for her safety during her confinement in defendant's hospital. Plaintiff then realleged her condition and the circumstances of her injury.
Defendant answered with a general denial and with an allegation of contributory negligence.
Trial was had, and at the conclusion of plaintiff's evidence, defendant moved for a directed verdict on the grounds that plaintiff had failed to prove either negligence or breach of contract. The trial judge granted the motion, and the jury brought in a verdict for defendant, upon which a final judgment was subsequently entered.
The only testimony included in the record on appeal is that of plaintiff. Such testimony states the following:
Plaintiff, a seventy year old woman, suffered a heart attack at about twelve noon on May 7, 1955. Her doctor gave her a sedative and had her removed to defendant's hospital. She arrived at about 12:50 p.m. Plaintiff does not remember anything that occurred between the time she received the sedative and about five a.m. the next morning, May 8, 1955. At that time she awoke in her hospital bed, and realized she was vomiting and gagging. She attempted to ring for a nurse, and though she "nearly pulled the bell cord out of the wall," no one came. She then tried to get to the foot of the bed, but she had difficulty because of an oxygen tent which was over her. She finally got free and struggled towards the foot of the bed, vomiting all the while. She intended *569 to call a nurse, but upon getting near the foot of the bed, she was seized with a particularly bad vomiting spell and fell out of bed onto her back. All of this took about twenty minutes. When she fell she screamed, and a nurse immediately came into the room, put her in a chair, had the mess cleaned up, and returned her to bed. Plaintiff suffered a broken rib and a compressed fracture of the spine.
The basis of both counts of the complaint filed against the City was:
"Plaintiff was left unattended in a bed without guard rails or any device to safeguard against her falling from said bed, and as a direct and proximate result of said carelessness and negligence of Defendant's agents and employees in said hospital, Plaintiff sustained a fall * * *."
This court, in an opinion filed October 24, 1958, being that of Memorial Hospital v. Doring, 106 So.2d 565, reversed a judgment entered in favor of the plaintiff on facts very similar to those now before this court in the instant case. The facts, as appear in the Memorial Hospital v. Doring case, supra, were that appellee, Otto Doring, suffered a heart attack, was treated by his private physician and remained at home in bed. About four o'clock the next morning the physician examined the sick man and arranged for his admission to the hospital. Appellee was quite sick and weak from his attack but did not lose consciousness. He was put to bed in a regular hospital bed without bed-rails. The doctor gave the hospital detailed instructions for treatment of appellee, including one that he was to have "absolute bed rest."
The appellee got out of his bed and in trying to get to the bathroom was found by the nurse and X-ray technician. They put the patient back to bed and an X-ray was taken of his chest. Subsequently, the doctor again saw appellee and discovered a "brush burn" and some days later another X-ray revealed that the appellee had a broken right arm. The evidence fairly justified the inference that the sick man injured his shoulder either by falling out of the hospital bed or by falling after he got out of bed and that he received the "brush burn" while falling.
The question involved was whether there was any evidence that the hospital fell below the required standard of care in failing to take steps to assure that appellee would not get out of bed and injure himself. This court, in its opinion reversing the lower court, cited the case of Cochran v. Harrison Memorial Hospital, 1953, 42 Wash.2d 264, 254 P.2d 752, 756, where that Court said:
"The evidence produced by appellant showed that the bed in which she was confined was not equipped with bed rails at any time prior to her accident. This in itself is not proof of negligence. There must be proof that appellant was in a helpless condition which was known to the nurse and the hospital and that reasonable care under such circumstances required the installation of bed-rails.
"As was said in Smith v. Simpson, 1926, 221 Mo. App. 550, 288 S.W. 69, 72:
"`It is not disputed that all the authorities hold that private hospitals owe to their patients such ordinary care and attention as the mental and physical condition of such patients reasonably requires. The law demands reasonable care, such care as a reasonable man would take under the circumstances existing; but no man is required to take measures against a danger which the circumstances as known to him do not suggest as likely to happen.'
"There being no testimony that reasonable care on the part of the nurse or the hospital under the circumstances shown in this case required the installation of bed rails, the evidence *570 was insufficient to warrant the submission of this issue to the jury."
We are of the opinion that the lower court, under the allegations of the complaint and the evidence, did not err in directing a verdict in favor of the defendant.
Affirmed.
KNOTT, JAMES R., and STEPHENSON, GUNTER, Associate Judges, concur.