PEARSON, Judge.
Marie Evenson is the guardian of Gerald Evenson, her son, who is incompetent. *627 The Miami Medical Center, Inc., operates a mental hospital. Marie Evenson, as guardian, brought an action for injuries sustained by Gerald Evenson while confined in the hospital and she suffered a summary final judgment. She appeals from that judgment and we reverse.
The complaint contained two counts. The first count charged the hospital with negligent failure to attend Gerald, which allegedly resulted in the escape of the ward from the hospital and in injuries to him during the escape. The second count claimed the breach by the hospital of an oral contract whereby the hospital undertook to provide a 24-hour attendant for Gerald Evenson in order to prevent him from doing harm to himself. Upon motion of the hospital the trial judge dismissed the count sounding in contract; thereafter the summary final judgment was entered for the hospital, upon the count sounding in negligence. The order dismissing the count sounding in contract and the summary judgment are assigned as error.
The summary judgment on the negligence count was based upon plaintiff’s answers to interrogatories, the deposition of Doctor P. L. Dodge, operator of the hospital, and the affidavit of Frank Taylor, a guard who was overcome by the ward at the time he made good his escape. A review of these documents in the light of the briefs and oral arguments fails to demonstrate that the entry of the summary judgment was error.
The count sounding in contract alleged an oral contract for the benefit of Gerald whereby the defendant was to provide attendants to watch Gerald twenty-four hours every day. Under ordinary circumstances a hospital has the duty to provide such attendance as is necessary to prevent reasonably foreseeable injury to the patient in its care.[1]- We have held, supra, that the summary judgment against plaintiff on the count sounding in negligence was correctly entered, which, of course, means there was no genuine issue of material fact as to whether defendant provided the kind of attendance as would be ordinary or proper. In most situations where a patient’s right of action against a hospital on contract is based on the latter’s employees’ negligent treatment which amounts to a violation of a duty arising out of the assumption of the contractual relation, the same transaction would likewise support an action ex delicto.[2] In the instant case, however, we are confronted with an alleged contract which by its terms required special care, exceeding that which meets ordinary standards. The damages recoverable for breach of a special contract are those said to be reasonably foreseeable, or those said to be in the contemplation of the parties at the time of the making of the contract.[3] Thus if the contract and breach thereof are proved the guardian may recover for the foreseeable or contemplated damages. We find the damages are not nicely pleaded in the second count but this does not subject the count to final dismissal.
The judgment is affirmed as to the first count and reversed as to the second count, and the order dismissing the second count is reversed and the cause remanded, for further proceedings not inconsistent with this opinion.
Affirmed in part and reversed in part.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. Memorial Hosp., South Broward Hosp. Dist. v. Doring, Fla.App.1958, 106 So. 2d 565; Marsh v. City of St. Petersburg, Fla.App.1958, 106 So.2d 567.

. See Holbrook v. City of Sarasota, Fla. 1952, 58 So.2d 862, 863; Parrish v. Clark, 107 Fla. 598, 145 So. 848, 850.

. E.g., Brock v. Gale, 14 Fla. 523, citing the rule of Hadley v. Baxendale, 9 Exch. 341, 156 Eng.Reprint 145, 5 Eng.Rul. Cas. 502.