PER CURIAM.
This case has been before this court and -other courts on numerous occasions. Basically, the present appeal involves a partial final decree awarding the appellee damages •and reserving jurisdiction for an accounting.
We will not attempt here to summarize all •of the factual background of the dispute which has generated so much litigation be'tween these parties. Suffice it to say that .appellee had a contract with the Port Authority to supply rental automobiles at .Miami International Airport to the traveling public, which contract, through extensions, was to expire on or about November 12, 1958. The appellee, based upon its contract with the Port Authority, entered into an agency agreement with the appellant, in which the appellant was to provide the services and rental cars required of the ap-pellee under its contract with the Port Authority. This agreement contained a negative restrictive covenant on appellant’s part “ * * * not to solicit a contract with said airport [Port Authority], county commission, or anyone in authority in connection with said airport contract, directly or indirectly, either at this time or at any time during the life of Avis’ contract and any extensions thereof during the life of this contract * *
During the early part of September, 1957, the appellant notified the appellee in writing that it intended to and was submitting a bid to the Port Authority for a contract to supply rental automobiles at International Airport to become effective upon the expiration of appellee’s contract with the Port Authority. Shortly thereafter, the ap-pellee notified the appellant in writing that its intended bid for the airport contract was a direct violation of the contract between the parties. The appellant did submit such a bid to the Port Authority and was successful. The appellee thereupon terminated its contract with the appellant, effective December 15, 1957, advising appellant that it [appellee] would take over servicing of the contract with the Port Authority on that date. When the appellant refused to vacate the airport and permit the appellee to begin discharging its contractual obligations with the Port Authority, an action was begun in the Circuit Court of Dade County by the appellee for declaratory and other relief.
After a myriad of legal skirmishes, including appeals to this court and the Supreme Court of Florida, the cause eventually wound up before the chancellor for trial, both parties stipulating that the cause could be tried without a jury. After hearing testimony and receiving evidence from the respective parties, the court entered the *252 decree awarding damages in favor of the appellee. This appeal followed.
The appellant has posed three points which it contends require a reversal of the decree, i. e., (1) whether the damages awarded for “stand by” expenses were such as were legally recoverable and/or were in contemplation of the parties to the contract; (2) whether the negative restrictive covenant on the part of the appellant was against public policy, in restraint of trade and therefore unenforceable; and (3) whether appellee could impose the negative covenant beyond the life of its contract with the Port Authority.
We pause here to note that as to points 2 and 3, appellee contends that they have already been decided adverse to the appellant on previous appeals decided by this court. See Olin’s, Inc. v. Avis Rental Car System of Florida, Fla.App.1958, 105 So.2d 497, and Olin’s, Inc. v. Avis Rental Car System of Florida, Inc., Fla.App. 1960, 125 So.2d 594. Our examination of the records of this court in 125 So.2d 594, discloses that these two points were raised, argued and determined adverse to the appellant. Under the principle of the “law of the case” the decision on the prior appeal renders these questions no longer debatable. See 2 Fla.Jur., Appeals, § 398; Harvey v. St. Petersburg, 143 Fla. 559, 197 So. 116; Red Top Sedan Service, Inc. v. S. & J. Transportation, Inc., Fla.App.1963, 150 So.2d 450.
As to the first point, appellant argues that since it had posted huge supersedeas bonds, remained on the airport property, rendered services to the public under its contract with the appellee, and continued to pay to the appellee its percentage agreed upon in the contract, the award of damages for expenses, stand by or otherwise, was without legal foundation. The appellee, on the other hand, contends that since it had received a favorable court decision ordering the ouster of the appellant from the airport for breach of the contract and the further fact that the appellee was forced, under the provisions of its contract with the Port Authority, to take over and supply rental cars to the public for a period of days while this cause was in appellate litigation, its expenditures, such as the training, salaries and housing of employees and other related expenses incidental to preparing and taking over the services at the airport, were damages sustained by it in contemplation of the parties and therefore recoverable. No question appears to have been raised as to the amount of the award of damages, but only that they should not have been awarded.
The evidence was, in our view, sufficient not only to support the conclusion that the appellant breached the contract but as a basis for the award of damages. The appellant was appellee’s agent and as such was under a duty to act solely for the benefit of the principal [appellee] in matters connected with the agency. As agent, appellant was duty bound not to compete with' the appellee concerning the subject matter of the agency. See Réstatcment of the Law, Agency 2d, §§ 387, 393. The record here reflects that the subject matter of the agency was the contract by the appellant as agent with the appellee as principal to supply the services which the principal had undertaken to supply to the Port Authority. The negative restrictive covenant was one which precluded the appellant’s dealing in a field which affected the subject matter of its agency and in doing otherwise, the appellant breached its duty as well as the specific terms of its contract with the appellee. In such instances, damages as are reasonably foreseeable or contemplated by the parties as a result of the breach of the obligations are recoverable. See 9 Fla.Jur., Damages, §§ 30, 31. Certainly it was within the legal contemplation of the parties that if the appellant should fail to live up to its contractual obligations (restrictive or otherwise) the ap-pellee could be required to take over and supply the services agreed to be rendered. The terms and conditions of appellee’s contract with the Port Authority were well *253 known to the appellant at the time of the execution of its agreement with the ap-pellee, for in fact it was premised thereon.
The fact that appellant, after the breach and termination of the contract, continued to occupy the airport facilities and pay the appellee the contractual percentage from its operations was no more than a rendition to appellee of what appellant was already obligated to do. On the other hand, if, after appellant’s acknowledged breach, it had vacated the airport facilities and turned them over to the ap-pellee, the appellee would then have reaped the entire income from the operation. The posting of large supersedeas bonds by appellant in connection with the litigation was at most for the purpose of permitting the appellant to continue a lucrative business while litigating the debatable issues raised by its breach of contract with the appel-lee. There was sufficient evidence in this record, if believed by the chancellor, to adequately support the finding of liability as well as damages.
The decree should be and is hereby affirmed.