195 So.2d 225 (1967)
Augusta T. MAROTTE, As Personal Representative of the Estate of Theresa Vogler, Deceased, Appellant,
v.
WHITEHALL OF ST. PETERSBURG, INC., Appellee.
No. 6944.
District Court of Appeal of Florida. Second District.
February 15, 1967.
*226 Philip J. Rogers, of Masterson, Lloyd, Sundberg & Rogers, St. Petersburg, for appellant.
Robert P. Renfrow, of Chadwick, O'Connell & Renfrow, St. Petersburg, for appellee.
SHANNON, Judge.
Appellant, the plaintiff in the lower court, has filed this appeal from an adverse final summary judgment entered in favor of the defendant-nursing home in a negligence suit.
Plaintiff's decedent, the 92 year-old mother of plaintiff, was admitted to the nursing home as a patient one day before the injury occurred. On the morning of the day following her admission the plaintiff's decedent was placed in a chair in her room, and a card table was placed in front of her so that she could eat breakfast. Approximately two hours later she was discovered in a sitting position on the floor of her room, evidently having fallen from her chair while unattended. She died as a result of the injuries sustained from the fall.
When the plaintiff's mother was admitted to the nursing home she was in a wheel chair. The mother's private physician gave no special order with reference to restraint or confinement to bed. The plaintiff (with whom the mother had resided until admission to the nursing home) was carefully questioned for any special requirements with regard to her mother but she did not advise the defendant that her mother might try to get up from a chair and walk unassisted, nor did she suggest the necessity for constant attendance. Plaintiff informed defendant that her mother had a keen mind and was not senile. She also testified in her deposition that not once during the last five years, during which time her mother was confined to a wheel chair, did she attempt to rise unassisted nor was restraint used by plaintiff to keep her in a wheel chair or easy chair. Further, the record discloses that the plaintiff would leave her alone to go shopping, to go to church, or to take part in other necessary activities outside of the house.
Defendant argues that this case is governed by the logic employed in two "bedrail" cases wherein the necessity for bedrails was not present because the known condition of the patient was not such as to suggest the likelihood of the patient's getting out of bed without requesting assistance. Memorial Hospital, South Broward Hospital District v. Doring, Fla.App. 1958, 106 So.2d 565; and Marsh v. City of St. Petersburg, Fla.App. 1958, 106 So.2d 567. These two cases held that, in order to hold a hospital liable for injuries sustained by a patient, there must be shown the standard of care required of the hospital under the circumstances and that the hospital failed to meet such standard.
When the motion for summary judgment was argued plaintiff offered the deposition of the "charge nurse" which stated that the policy of the defendant was to keep close surveillance of all new patients so as to observe their mannerisms and habits. The close surveillance necessary with regard to a 92 year-old patient would require placing her during the initial confinement period near the nurse's station for all to observe her rather than leave her alone in her room. The charge nurse had received no instructions about the patient's inability to walk unassisted. She stated that had she known of such inability she would not have left the patient unattended, but would have put her back in bed after breakfast. From 7:30 A.M. to approximately 9:30 A.M. the plaintiff's mother was left unattended except for several times when she was "looked in on." There was an affidavit of an expert that the custom in the community is to secure patients of approximately 92 years so as to avoid injury from an inadvertent fall or attempt to rise unassisted. The plaintiff's mother was not secured into the chair in any manner.
We are of the opinion that the above depositions created material issues of fact *227 as to whether the defendant met the standard of care that was required of it. Such a question is for a jury to decide. Gresham v. Courson, Fla.App. 1965, 177 So.2d 33; Mercy Hospital, Inc. v. Larkins, Fla.App. 1965, 174 So.2d 408; and Sprick v. North Shore Hospital, Inc., Fla.App. 1960, 121 So.2d 682. Therefore, it was error for the lower court to grant summary judgment.
Reversed and remanded for a trial before a jury.
ALLEN, C.J., and ADKINS, JAMES C., Jr., Associate Judge, concur.