PEARSON, Judge.
The principal question on this appeal concerns the extent of the damages recoverable on a breach of a special warranty of repairs to a commercial movie camera. It is presented by an appeal from a final judgment of $5,400.00 for the plaintiff, appellee. We reverse for a new trial upon the issue of damages. The trial court committed error in admitting, over appellant’s objections, evidence of special damages which were not within the contemplation of the parties.
The appellee proved that it is a corporation engaged in the business of producing commercial films. It used a special “Eye-mo” camera to film the commercials. The camera was delivered to appellant for repair. The appellant is a corporation which repairs only commercial cameras.
Appellee’s camera did not function properly when returned by appellant and the camera was redelivered for additional repairs. After its return a second time, ap-pellee discovered that the camera whs still functioning improperly. It was returned *598 for a third time. After appellant notified appellee that the camera was ready, appel-lee’s agent picked up the camera and immediately left on a trip to film commercials.
Appellant admitted in its answer that it warranted to appellee’s agent that the “Eyemo” camera was “functioning properly and was fit for use in the plaintiff’s business.” The film taken on the trip turned out to be defective and was not usable because of the continued malfunctioning of the camera. Appellee’s president was permitted to testify that the 15 commercials cost $300 apiece for a loss of $4,500 and that three of the fifteen films were a complete loss causing the appellee additional damages of $300 prospective profit on each of the three. These sums total $5,400 for which the jury returned its verdict, and for which judgment was ultimately entered.
We think that the applicable rule on damages for the breach of a contract is found in Brock v. Gale, 14 Fla. 523, 14 Am.Rep. 356 (1874). This was an action for loss of a passenger’s baggage by the operator of a steamboat. The plaintiff was a travelling dentist. His baggage contained a set of dentist’s instruments. He claimed damage for loss of profits which he would have made if the instruments had not been lost. In the applicable holding the court said:
“In the present case there is no room for pretense that the defendant contemplated that the plaintiff would sustain any damage beyond that which would follow the loss of any kind of baggage; i. e., the value of the goods and the expense of a brief detention in endeavoring to find them, with interest. The defendant cannot be chargeable for the loss of dentist’s tools beyond what he would be liable to pay any other passenger for the loss of any goods of like value, unless he has especially agreed to be responsible for other loss or damage. Doctor Gale did not inform the defendant that he was a dentist; that his tools were set with diamonds and rubies, or that in case they should be lost he would be unable to pursue his avocation for six months or for one month; and hence the defendant did not contemplate any such risk in carrying him as a passenger upon his steamboat, with his valuable baggage.”
Even though the opinion in Brock v. Gale is early in the legal history of our State, it has been often followed. See Atlanta & St. A. B. Ry. Co. v. Thomas, 60 Fla. 412, 53 So. 510 (1910); Evenson v. Miami Medical Center, Inc., Fla.App.1961, 128 So.2d 626; Olin’s Inc. v. Avis Rental Car System of Florida, Inc., Fla.App. 1965, 172 So.2d 250. See also Hadley v. Baxendale, 9 Exch. 341, 156 Eng. Reprint 145, 5 Eng. Rui. Cas. 502; 5 Corbin, Contracts, § 1013; McCormick, Damages, § 138.
In applying this rule of damages to the instant case, we must consider the nature of the contract. Upon the posture of this record, we must take into consideration that the appellant has admitted a special warranty that the camera was “functioning properly and was fit for use in plaintiff’s business.” In addition, if men could reasonably differ over the objective facts concerning whether appellant should have foreseen appellee’s loss, then the issue should be left to the jury.
The nature of the contract here, a special warranty, does not change the rule of damages. See McCormick, Damage, § 176, at 673. We find from the record that there is no evidence that the appellant knew or should have known that appellee’s agent was about to leave on an extended field trip during which he would use the repaired camera over a long period of time without opportunity to discover its malfunction. We therefore hold that the evidence of loss of profits is too remote and was improperly admitted. In -addition, the extent to which the claim of damages for loss of the expense of filming the 15 commercials, or any portion of them, was recoverable is a jury question, to be submitted if supported by evidence of the customs of the trade.
*599 The appellant has presented two additional points. One contention is that the special damages recovered were limited to the cost of the repair of the camera. The other contention claims a failure to allege the special damages with sufficient particularity. They do not show error.
The judgment is reversed and the cause remanded for retrial on the issue of damages.
Reversed and remanded.