PER CURIAM.
We reversed a final judgment in this cause after determining that some of the evidence admitted concerned losses too remote to be properly charged as damages against Ceco and remanded the cause for retrial on the issues of damages. (F & B Ceco, Inc. of Florida v. Galaxy Studios, Inc., Fla.App.1967, 201 So.2d 597.) Upon remand a final judgment was again entered in favor of Galaxy, and this appeal' followed.
Ceco’s first point urges that the trial court followed improper procedure in determining the amount of damages.
At the beginning of the second trial the judge and the attorneys held a conference at which the judge announced he would sever the issue of “liability” from the issue of damages. The court proposed to submit the question of foreseeability of damages [1] to the jury. If the jury decided the question in Galaxy’s favor, then the judge would decide the amount of damages after a hearing. Ceco’s counsel objected to the severance when the judge announced it; but on two subsequent occasions during the trial he agreed to the procedure outlined by the trial judge. When the trial reached the point for the jury to be instructed, the judge gave the following key instructions:
*76 ******
“The issue for your determination is whether or not the plaintiff has proven, either by a custom of the trade or by direct knowledge imputed to the defendant, that the type of damage here sustained by the plaintiff is such as was reasonably foreseeable by the parties at the time they entered into the agreement to repair.
“The parties need not have actually contemplated the precise injuries that did in fact result from the failure to repair the camera properly, but the actual consequences must be such as the parties, in view of all of the facts known by them at the time of the making of the contract or which they should have known at that time, may reasonably supposed to have been considered as the likely result of the failure to repair the camera properly in the ordinary course of events.
******
“If, after a full consideration of all of the evidence in the case, you believe that the plaintiff has proven his case by a fair preponderance of the evidence, the form of your verdict should be: ‘We, the jury, find for the plaintiff, Galaxy Studios, Incorporated, on the issue of liability and find that the damages sustained by the plaintiff were reasonably foreseeable by the parties. So say we, all,’ and signed by the foreman.
“However, if you believe that the plaintiff has failed to prove his case by a fair preponderance of the evidence, the form of your verdict should be: ‘We, the jury, find for the defendant. So say we, all.’ ”
******
We hold that the foregoing circumstances clearly show the appellant has failed to demonstrate prejudicial error, and we affirm the judgment appealed. “In the absence of a controlling statute or overriding rule of procedure trial courts have a broad discretion in conducting the trial of a cause.” Bowen v. Manuel, Fla.App.1962, 144 So.2d 341; Passino v. Sanburn, Fla.App.1966, 190 So.2d 61. None of the Florida Rules of Civil Procedure prohibits the procedure followed by the trial judge nor does any Florida Statute. The record, especially the instructions to the jury quoted above, shows dearly that the trial judge conducted a fair trial.
Ceco has presented two additional points, one addressed to the sufficiency of the evidence to support the jury’s finding of foreseeability, the other to the court’s use of part of the transcript of the first trial in the second trial. No error has been demon-onstrated under either of these points.
Affirmed.

. The term “foreseeable damages” is equivalent to the term “damages -within the contemplation of the parties at the time of the making of the contract.” See Evenson v. Miami Medical Center, Inc., Fla.App.1961, 128 So.2d 626.