301 So.2d 785 (1974)
Robert GALLUB, Appellant,
v.
Frank DEL VECCHIO and City of Miami Beach, Florida, a Municipal Corporation in the State of Florida, Appellees.
No. 73-1348.
District Court of Appeal of Florida, Third District.
September 17, 1974.
Rehearing Denied November 5, 1974.
Milton Kelner, Miami, for appellant.
Horton, Perse & Ginsberg, Welsh & Carroll, Miami, for appellees.
Before PEARSON and HENDRY, JJ., and MELVIN, WOODROW M., Associate Judge.
*786 PER CURIAM.
From a $12,000 judgment in his favor, the plaintiff, Robert Gallub, appeals. He seeks a new trial on the issue of damages.
Appellant was shot in both legs when a revolver, carried by the defendant, Frank Del Vecchio, at the time a police officer for the City of Miami Beach, discharged.
The defendant-appellee admitted liability for negligence, and the cause was tried before a jury only on the question of the fair amount of damages sustained by the plaintiff.
During the course of the trial, the plaintiff experienced difficulty obtaining three doctors whom he had previously subpoenaed to appear in court to testify.
The court permitted the defendants to put their own witness, Dr. Lyle Russell, on the stand out of turn. Dr. Russell was called by the defendants specifically to impeach the plaintiff's previous testimony regarding the permanence of his injury.
After he had cross-examined Dr. Russell, plaintiff's counsel sought to call the doctor as his own witness. The court, however, sustained an objection to this procedure made by defendants' counsel.
In a proffer made to the court, it appeared that plaintiff wished to establish that Dr. Russell had examined the plaintiff sometime after he was shot and determined that he had been left with a 10% permanent disability.
On the next day, plaintiff was able to have one of his three doctors appear to testify. The doctor had operated on one of the plaintiff's legs after he was shot. His testimony revealed that sharpnel-like fragments still remain in the plaintiff's leg, and could not be removed during surgery. However, it was the doctor's opinion that from an anatomical standpoint, the plaintiff is not permanently disabled.
Following this doctor's testimony, plaintiff's counsel informed the court that he had no other witnesses, other than the two physicians who had failed to appear. Further, counsel indicated that one of these two doctors had examined the plaintiff for workman's compensation purposes, and he, like Dr. Russell, would indicate the plaintiff suffered a 10% permanent disability. He also stated for the record that both he and the trial judge, who had telephoned the two doctors' offices, had made efforts to obtain the appearances of the two doctors.
The court thereupon declined to delay the trial further, or to issue bench warrants for appearances of the two doctors. He directed the plaintiff either to take a nonsuit or to rest his case, and when counsel for the plaintiff refused either option, the court ruled that he had rested his case.
The record of this case also reveals that the trial judge determined that sufficient medical and lay evidence had been presented to the jury to warrant the introduction of mortality tables. The court also instructed the jury with respect to the issue of permanent disability as well as the use of mortality tables.
Appellant urges two points for reversal. First, he contends the court erred by refusing to issue bench warrants for the appearance of plaintiff's two doctors or alternatively in requiring that the plaintiff rest his case.
Second, appellant argues that the court should have permitted him to call Dr. Russell as his own witness.
We hold that neither point demonstrates reversible error. In our opinion, the appellant has not shown an abuse of discretion by the trial court in controlling the conduct of the trial in this case. Stager v. Florida East Coast Railway Company, Fla.App. 1964, 163 So.2d 15; F & B Ceco, Inc. of Florida v. Galaxy Studios, Inc., Fla.App. 1968, 216 So.2d 75.
The plaintiff's own testimony respecting his permanent injury was sufficient *787 to justify a charge to the jury, which the court gave upon that issue. Salvador v. Munoz, Fla.App. 1966, 193 So.2d 442. The doctor who did appear as plaintiff's witness did not testify favorably to the plaintiff on the issue of permanent disability.
The cause was fairly tried, and we cannot find any indication that the jury's verdict was unsupported by the evidence. Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.