PER CURIAM.
This appeal is from a final summary judgment holding that the defendant below was entitled to immunity from a tort suit under the Florida Automobile Reparations Reform Act because the plaintiff, as a matter of law, did not sustain a claim of a “permanent injury within reasonable medical probability.”
Under the Florida No-Fault Act in effect at the time of the accident (1972), the plaintiff could only maintain his action if he had sustained medical expenses in excess of $1,000 or sustained a “permanent injury within reasonable medical probability.” Fla.Stat. 627.737. It is acknowledged that the medical did not exceed $1,000.
In support of his motion the defendant submitted the affidavit of Dr. Glen Mussel-man which stated that the plaintiff did not sustain any permanent injury. The plaintiff then submitted his own counter-affidavit stating:
“That I believe that I have suffered injuries from the accident . . . which continue to cause me pain and which I believe are permanent in nature.”
While plaintiff’s complaint alleges that his injuries “are either permanent or continuing in nature,” it does not allege his injuries are permanent within a reasonable medical probability. In his sworn answers to interrogatories plaintiff stated he knew of no physicians or other medical experts who can testify that his injuries are permanent or who have any opinion whatever concerning any fact in the case. Plaintiff has not seen a doctor on account of injuries incurred in the accident since February 9, 1973. On deposition, plaintiff stated he does not remember asking any of the doctors who treated him whether his injuries were permanent and that no physician has ever told him his injuries are permanent. There is no issue that there is no medical evidence of permanent injury. Thus, assuming plaintiff continues to have pain, but has no medical evidence of permanency, no jury issue exists under the requirements of Fla.Stat. 627.737.
This court is aware that Gallub v. Del Vecchio, 301 So.2d 785 (Fla.3d DCA 1974) and Salvador v. Munoz, 193 So.2d 442 (Fla.3d DCA 1966), are authority for the fact that a plaintiff’s medically uncorroborated testimony on the issue of permanency of an injury is sufficient to charge the jury on that issue. However, those cases did not involve the “no-fault act” and this act specifically requires that there be a “permanent injury within reasonable medical probability.” The plaintiff’s affidavit certainly cannot be deemed to speak in terms of “reasonable medical probability.” Therefore, the trial court properly ruled that there was no genuine issue of material fact.
AFFIRMED.
CROSS and ANSTEAD, JJ., and CRAWFORD, GRADY L., (Retired), Associate Judge, concur.