**BELL v. DELOACH, et al.**
No. 79-9177-CA.
Circuit Court, Duval County.
November 14, 1979.

Ronald L. Bloom of Smith, Davenport, Bloom & Harden, Jacksonville, for the plaintiff.

George D. Gabel, Jr. of Wahl & Gabel, Jacksonville, for the defendants.

R. HUDSON OLLIFF, Circuit Judge.

*Summary final judgment:* Plaintiff, Barbara Bell ("Bell"), has sued defendants, William L. Deloach ("Deloach") and Southern Bell Telephone & Telegraph Company ("Southern Bell"), for alleged negligence in the operation or maintenance of a motor vehicle. The defendants have filed a motion for summary judgment in their favor. After having heard arguments of counsel and based upon the depositions and exhibits on file, the court finds as follows —

1. On or about April 25, 1979, plaintiff Bell and defendant Deloach were involved in an automobile accident at the corner of 2nd Street and 16th Avenue North, Jacksonville Beach, Florida. The accident and complaint arising therefrom fall within the Florida Automobile Reparations Reform Act, Chapter 627, Florida Statutes, as amended.

2. Under the Florida No-Fault Act in effect at the time of the accident (1979), the defendants are exempted from tort liability for damages unless plaintiff has sustained injury or disease which consist in whole or in part of —

    (a)  Significant and permanent loss of an important bodily function.

    (b)  Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.

    (c)  Significant and permanent scarring or disfigurement.

    (d)  Death.

See §627.737(2), Florida Statutes.

3. The plaintiff alleged in her complaint that she was "injured in and about her body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and her working ability was impaired. The injuries are permanent and this plaintiff will suffer these losses and impairments in the future."

4. The plaintiff has neither alleged nor presented evidence that she has sustained a "permanent injury within a reasonable degree of medical probability." The undisputed deposition testimony of the plaintiff's treating physician was that the plaintiff did not sustain a permanent injury.

5. The unsupported allegations of the plaintiff are insufficient to create a genuine issue of material fact as to the extent and permanency of plaintiff's alleged injuries. *Refior v. Matuszcak*, 358 So.2d 95 (Fla. 4th D.C.A. 1978).

6. The depositions and exhibits on file show that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law.

7. A new statutory procedure is set forth in §627.737 (3), Florida Statutes, for a hearing on a one-time basis only when a defendant questions whether the plaintiff has met the requirements of §627.737(2). The defendants in this case, however have moved for summary judgment under Rule 1.510, Rules of Civil Procedure, and the court deems that rule to be applicable here. The procedure provided for by §627.737(3) is (a) permissive rather than mandatory, and (b) involves a procedural aspect of trial reserved to the rulemaking authority of the Supreme Court by Article V, Section 2(a) of the Florida Constitution. See *Markert v. Johnston*, 367 So.2d 1003 (Fla. 1979).

It is therefore ordered and adjudged —

(1) That motion of the defendants William L. Deloach and Southern Bell Telephone & Telegraph Company for summary judgment is granted, and said defendants shall go hence without day.

(2) That the court reserves jurisdiction to award costs upon motion therefor.