JORDAN, Circuit Judge, concurring.
I join Judge Walker's well-written opinion for the court, and add the following on Imperial's claim that Sun Life breached the incontestability provision in the policies.
*1225 As far as I can tell, only one court in the United States has addressed whether an insurer's declaratory judgment action against an insured to void a policy, in violation of an incontestability provision, gives rise to a breach of contract claim by the insured. See American Nat'l Ins. Co. v. Schneider , 2013 WL 12156086, *3 (M.D. Fla. 2013) (holding, under Florida law, that an insured can sue its insurer for breach of an incontestability provision). Despite this general absence of authority, I agree with the court that Imperial's breach of contract claim against Sun Life should proceed beyond the pleadings stage. As I explain, however, issues remain for the district court on remand with respect to this claim.
One leading insurance treatise posits that "an incontestability provision is designed to safeguard an insured from excessive litigation" after a certain period of time. See 17 Couch on Insurance 3d § 240:5 (2005). If this is so, there is a rough analogy to a contract not to sue (sometimes called a covenant not to sue). See generally Restatement (Second) of Contracts § 285(1) (1981) ("A contract not to sue is a contract under which the obligee of a duty promises never to sue the obligor or a third person to enforce the duty[.]").
In at least some jurisdictions, an action filed in violation of a contract not to sue may under certain circumstances-which vary by jurisdiction-permit a suit for breach, with the measure of damages usually being the attorney's fees and costs incurred in defending against the claim that was precluded. See, e.g., Lubrizol Corp. v. Exxon Corp. , 957 F.2d 1302, 1305-06 (5th Cir. 1992) (New York law); Anchor Motor Freight, Inc. v. Int'l Bhd. of Teamsters et al. , 700 F.2d 1067, 1072 (6th Cir. 1983) (federal law-labor relations); Artvale, Inc. v. Rugby Fabrics Corp. , 363 F.2d 1002, 1008 (2d Cir. 1966) (federal law-patent infringement-and/or New York law); Borbely v. Nationwide Mut. Ins. Co. , 547 F.Supp. 959, 977 (D.N.J. 1981) (New Jersey law); Quill Co. v. A.T. Cross Co. , 477 A.2d 939, 944 (R.I. 1984) (Rhode Island law); Smith v. Garrett , 29 Tex. 48, 52 (1867) (Texas law). Consistent with these authorities, one district court applying Florida law has ruled that the breach of a contract not to sue is actionable. See Gregoire v. Lucent Technologies, Inc. , 2005 WL 1863429, *4 (M.D. Fla. 2005) (citing, among other cases, the Sixth Circuit's decision in Anchor Motor Freight ).
Admittedly, other jurisdictions take a different approach. They allow a defending party to seek attorney's fees and costs for breach of a contract not to sue as long as the contract expressly authorizes such recovery. See, e.g., McKissick v. Yuen , 618 F.3d 1177, 1191-92 (10th Cir. 2010) (Oklahoma law); Bukuras v. Mueller Group, LLC , 592 F.3d 255, 266-67 (1st Cir. 2010) (Massachusetts law); Convey Compliance Sys. Inc. v. 1099 Pro, Inc. , 443 F.3d 327, 333-34 (4th Cir. 2006) (Minnesota law); In re Weinschneider , 395 F.3d 401, 404 (7th Cir. 2005) (Illinois law); Astor v. IBM Corp. , 7 F.3d 533, 540 (6th Cir. 1993) (federal law-ERISA).
Our holding today is that Imperial's breach of contract claim, which is based on the incontestability provision, is viable under Florida law. But we leave a number of related (and important) issues unanswered. On remand, the district court will need to figure out the scope of Imperial's breach of contract claim, including the appropriate measure of damages.
In Florida, the damages typically available in a breach of contract action are those causally related to the breach so long as they were contemplated by, or reasonably foreseeable to, the parties at the time they entered into the contract. See *1226 Poinsettia Dairy Products v. Wessel Co. , 123 Fla. 120, 166 So. 306, 310 (1936) ; Capitol Env. Services, Inc. v. Earth Tech, Inc. , 25 So.3d 593, 596 (Fla. 1st DCA 2009) ; Mnemonics, Inc. v. Max Davis Associates, Inc. , 808 So.2d 1278, 1279 (Fla. 5th DCA 2002) ; Olin's, Inc. v. Avis Rental Car Sys. of Fla., Inc. , 172 So.2d 250, 252 (Fla. 3d DCA 1965). Another formulation is that, "[g]enerally, a person or entity injured by either a breach of contract or by a wrongful or negligent act or omission of another is entitled to recover a fair and just compensation that commensurate with the resulting injury or damage." MCI Worldcom Network Services, Inc. v.Mastec, Inc. , 995 So.2d 221, 223 (Fla. 2008). I am confident that the parties, at the appropriate time, will provide the district court with their views on the issue.